The Chancellor.
The evidence in this case, though entirely exparte, does not, as it seems to me, make out a case of desertion, within either the letter or spirit of our Statute. Desertion, to be a cause of divorce, must bo a wilful, continued and obstinate desertion for five years. In this ca.se, the parties were married, in London, in July, 1834. Shortly after their marriage, they removed to Liverpool, whore thoy lived about cloven months, when the husband came to America. In about a year the petitioner came to this country, and they lived together, in the city of New York, till February, 1841. The petitioner states, that, for -the first year after she came to this country, he contributed partially to the support of the family, out of funds then in his hands ; but that since the year 183T, she has been compelled by her own exertions to support herself and children, ho having never dono any business since ho arrived in America. The petitioner states that her removal to Morristown and residence there were in compliance with his wishes, and for the purpose of enabling her better to support *26 herself and children by her own exertions. It is not shown, either by the petition or proofs, whether ho went with her when she went to Morristown. The witness Cooper states that she came to Morristown in February, 1841, and made an agreement with him to board with him, with her nurse and four children. Whether he went with her or not when she first went to Morristown, it is clear that her going there with his consent and for the purpose stated was not a desertion on his part. She had supported herself and him and the children, for some time before she left New York; and she went to Morristown to obtain a better support, the petition says, in compliance with his wishes.
Was it understood between them that he was to go to Morris-town too, or was it agreed between them that he was to remain in New York, or go elsewhere, and support himself! Was he to visit her at Morristown, or did she forbid his visiting her there! There is nothing to show that there was anything like desertion on his part when she left New York for Morristown. Has anything since occurred amounting to a desertion on his part! The testimony shows he has been at Morristown several times, since she went there; and it does not tell us whether she received him, or refused to receive him, because he was in no business, or was idle and contributed nothing to her support or that of the children. Was that a desertion on his part! The same kind of desertion had taken place before she left New York; for he had not contributed to the support of the family for some time before that. A wife cannot convert a husband’s not contributing to the support of a family into a desertion on his part, by removing to another place and taking board and refusing to receive him there. The case seems to be nothing more nor less than an application by the' wife for a divorce on the ground that the husband is idle and contributes nothing to her support or that of the children, and that she is obliged to support herself and them, and is unwilling that her earnings should support him.
It seems to me it would be a dangerous precedent to decree a divorce in this case. The prayer of the petitioner is therefore denied.